[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15842
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-01121-CV-BBM-1

ALEX MOORE, JR.,

Plaintiff-Appellant,

versus

TRAVELERS,

Defendant,

THE TRAVELERS COMPANIES, INC.,
THE AUTOMOBILE INSURANCE COMPANY OF
        HARTFORD, CONN,

Defendants-
Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 26, 2009)

Before BLACK, BARKETT, and HILL, Circuit Judges.

PER CURIAM:

Appellant Alex Moore, Jr. filed this class action against appellees, The Travelers Companies, Inc. and The Automobile Insurance Company of Hartford, Connecticut (AICOH), alleging breach of contract.[1] Moore owned a home in Alabama which was covered by an AICOH homeowners policy. The property was damaged by Hurricane Katrina in 2005.

In adjusting his claim, Moore claims that AICOH breached his contract as the insurance payment issued to him for the "actual cash value" of his damages did not include an additional allowance for twenty percent in general contractor costs.[2] In response, AICOH filed a motion to dismiss, or, in the alternative, stay this litigation and compel appraisal, thereby seeking to enforce the appraisal provision of the insurance policy.[3] It claims that the appraisal provision of the policy

---

[1] The Travelers Companies, Inc. has filed its own motion to dismiss, arguing that it is not properly before the court. The parties have agreed to stay the briefing of that motion pending resolution of the issue presented here.

[2] The policy states that "[a]ctual cash value is calculated as the amount it would cost to repair or replace covered property, at the time of loss or damage, with material of like kind and quality, subject to a deduction for deterioration, depreciation and obsolescence."

[3] The appraisal provision of the policy reads:

If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within twenty days of receipt of the written demand. The two

2

precludes Moore's suit, as complying with the appraisal provision is a condition precedent to filing suit.

The policy determines that coverage is decided by a court of law. The policy determines that the value of damages is decided by appraisal. *See* note 3 *supra*.

Moore claims that his suit is not a dispute as to the amount of loss or valuation, but a dispute as to coverage. Therefore, he is not obligated to comply with the appraisal provision of the homeowners policy, so it is not a condition precedent.

We have studied the entire record in this case, the briefs, and the arguments of counsel contained therein. There is no question that the policy covers damage done by Hurricane Katrina to Moore's home. There is no question that the dispute here is a fight about the dollar amount of the loss. The amount of that loss may or

---

appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within fifteen days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the losses. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

may not include costs of brick, mortar, timber, and, perhaps "general contractor costs."

Moore's request for twenty percent general contractor costs in the calculation of actual cash value is a request for an increase in the determination of the loss. It does not relate to coverage in addition to the loss.

Therefore, under the terms of the homeowners policy, Moore must first comply with the appraisal provision to determine his amount of loss. He is contractually bound to do so. At that time, he may or may not establish that "twenty percent general contractor costs" be included in the "actual cash value" of his damages.

As no appraisal has as yet taken place to resolve this matter, Moore's complaint fails to state a claim upon which relief can be granted. The judgment of the district court is

AFFIRMED.